## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAMELA K. HAMILTON<br>5463 Nebraska Avenue NW<br>Washington, DC 20015<br><br>                        Plaintiff<br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOUSING AND URBAN<br>DEVELOPMENT<br>    Serve:  Office of Regional Counsel<br>               801 Market Street, 12th floor<br>               Philadelphia, PA 19107<br><br>                    Defendant | Civil Action No.   1:25-cv-00455 |

## <u>VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF</u>

Plaintiff, Pamela Hamilton, by and through undersigned counsel, files her Complaint against the named Defendant and respectfully avers:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the persons, property and subject matter of this action pursuant to 28 U.S.C §1331 as HUD is foreclosing pursuant to the Single Family Mortgage Foreclosure Act of 1994 (12 U.S.C. § 3751, *et seq.*).

2. Venue is proper in this Court as all parties are located in the District of Columbia.

### PARTIES

1. Plaintiff Pamela K. Hamilton ("Ms. Hamilton") is a resident of the District of Columbia with her primary residence located at 5463 Nebraska Avenue NW, Washington, DC 20015. Mrs. Hamilton is the sole heir and Personal Representative for the Estate of Fedilia E. Kehayias.

1

Doc ID: 9a2864bf24a7fea0c5556782db009a48d3a89460

2. Defendant U.S. Department of Housing and Urban Development ("HUD") is a federal agency that is the owner and beneficiary of the Home Equity Conversion Mortgage loan ("HECM") at issue.

### FACTS COMMON TO ALL CLAIMS

6. On September 11, 1997, Fedilia Kehayias ("Ms. Kehayias") purchased the property located at 5463 Nebraska Avenue NW, Washington, DC 20015 ("property"). See **Exhibit 1**.

7. On December 21, 2011, Ms. Kehayias obtained a Home Equity Conversion Mortgage loan ("HECM") in the amount of $885,000 from MetLife Home Loans. The HECM Deed of Trust was insured by HUD pursuant to the National Housing Act for the purpose of providing single-family housing. See **Exhibit 2**.

8. On July 31, 2012, MetLife Home Loans executed an Assignment of Mortgage that transferred all of its interest in the HECM to Champion Mortgage Company.  See **Exhibit 3**.

9. On April 24, 2019, Nationstar Mortgage, LLC d/b/a Champion Mortgage Company executed a Corporate Assignment of Deed of Trust that transferred all of its interest in the HECM to HUD. See **Exhibit 4**.

10. On May 30, 2020, Ms Kehayias passed away.  Mrs. Hamilton, Ms. Kehayias's daughter, initiated the probate case in the District of Columbia Superior Court.  On February 3, 2021, Mrs. Hamilton was appointed Personal Representative.  *See* Case No. 2020 ADM 000635 and **Exhibit 5 and 5b[1]**.

---

[1] On February 3, 2024, Mrs. Hamilton's appointment as Personal Representative was terminated pursuant to D.C. Code § 20-1301. On October 4, 2024, Mrs. Hamilton filed her Petition to Reopen the Estate which was not granted until January 17, 2025.

Doc ID: 9a2864bf24a7fea0c5556782db009a48d3a89460

11. Pursuant to Paragraph 9a(i) of the Deed of Trust, the death of the borrower is a term of default that triggers an acceleration of the HECM.  See **Exhibit 2**.

12. On January 14, 2025, Timothy Anderson, Esq., HUD's Foreclosure Commissioner, recorded a Notice of Default of Foreclosure Sale noting that the outstanding HECM balance of $869,360 was immediately due and payable and that a foreclosure sale of the property was scheduled for February 26, 2025.  See **Exhibit 6**.

13. Despite best efforts, Mrs. Hamilton's ability to sell the property were substantially delayed by the pandemic and then the Probate Court's slow response to the Petition to Reopen the Estate.

14. On February 10, 2025, the property was appraised at $1,125,000.  See **Exhibit 7**. The property is currently listed for sale for $1,150,000.  See **Exhibit 8**.

15. As there is significant equity in the property, Mrs. Hamilton seeks injunctive relief that will require the Commissioner to cancel the foreclosure sale so that she can privately sell the property and capture the equity.

16. Mrs. Hamilton resides in the subject property and needs to use the equity to help her secure alternative housing after the property is sold.

17. There is no harm to HUD if the sale is canceled, or alternatively, if the sale is postponed for 120 days as the private sale will result in a full payoff of the HECM.

## COUNT I – INJUNCTIVE RELIEF

18. Mrs. Hamilton realleges, reaffirms and incorporates by reference the facts in paragraphs above as fully set forth herein.

Doc ID: 9a2864bf24a7fea0c5556782db009a48d3a89460

19.  As alleged in this Complaint, as well as her Emergency Motion for Temporary Restraining Order, there is a foreclosure sale of the subject property scheduled for February 26, 2025.

20. Mrs. Hamilton will suffer immediate and irreparable harm if this Court declines to issue an injunctive order as the foreclosure sale will go forward and she will be deprived of the equity in the property.  HUD's foreclosure notice notes that the opening bid will be $869,360 which is far below the actual fair market value of the property.

21. The appraisal completed on February 10, 2025 confirms that the listing price is in alignment with fair market value of the property.  The property is actively listed and being shown and there is a very substantial likelihood that she will procure a sales contract and close within the next 90-120 days.

22. HUD will incur no harm if the foreclosure sale is enjoined as it will be paid in full by the private sale.

23. Public policy favors granting the injunction since the private sale will result in both parties being made whole financially.

WHEREFORE, Mrs. Hamilton respectfully requests:

A.  That this Court grant her request for injunctive relief;

B.  That this Court immediately issue a temporary restraining order that requires HUD and the Foreclosure Commissioner to cancel the foreclosure sale scheduled for February 26, 2025;

Doc ID: 9a2864bf24a7fea0c5556782db009a48d3a89460

C. That this Court issue a preliminary injunction that orders that HUD may not make any efforts to attempt to reschedule the foreclosure sale for at least 120 days;

D. That this Court waive any supersedeas bond requirement based on the guaranteed full payoff to HUD by the private sale; and

D. For such other and further relief as the court may deem proper.

Respectfully submitted,

_____/s/  Melanie Murray Johnson_____
Melanie Murray Johnson, Esq. #986367
Law Office of Melanie Murray Mfume, LLC
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 870-1019 ph
(888) 266-0046 fax
mmfume@lawofficeofmmm.com
*Attorney for Plaintiff*

*I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT I HAVE READ THE FOREGOING COMPLAINT AND THE MATTERS AND FACTS SET FORTH HEREIN ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.*

_____
Pamela K. Hamilton

5

**Dropbox** Sign

Audit trail

| | |
|---|---|
| **Title** | Pamela Hamilton - Complaint.pdf |
| **File name** | Pamela%20Hamilton%20-%20Complaint.pdf |
| **Document ID** | 9a2864bf24a7fea0c5556782db009a48d3a89460 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

This document was requested from app.clio.com

## Document History

| | | |
|---|---|---|
| ⤴ SENT | **02 / 17 / 2025** 22:07:47 UTC | Sent for signature to Pamela Hamilton (mhhpkh@earthlink.net) from mmfume@lawofficeofmmm.com IP: 173.66.113.2 |
| 👁 VIEWED | **02 / 17 / 2025** 22:08:21 UTC | Viewed by Pamela Hamilton (mhhpkh@earthlink.net) IP: 73.250.9.138 |
| ✍ SIGNED | **02 / 17 / 2025** 22:13:02 UTC | Signed by Pamela Hamilton (mhhpkh@earthlink.net) IP: 73.250.9.138 |
| ✓ COMPLETED | **02 / 17 / 2025** 22:13:02 UTC | The document has been completed. |